Grant v. Rochester City School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

PRESENT:   DENNIS JACOBS,
           ROBERT D. SACK,
           GERARD E. LYNCH,
                *Circuit Judges.*

_____

Marilynn Patterson Grant,

                *Plaintiff-Appellant*,

          v.                                             13-2439

Rochester City School District, Jean-Claude Brizard, Superintendent of Schools,

                *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**     Marilynn Patterson Grant, *pro se*, Rochester, New York (Christina A. Agola, Christina A. Agola, PLLC, Rochester, New York, filed a brief on behalf of Appellant before being relieved).

**FOR DEFENDANTS-APPELLEES:**    Cara Marie Briggs, Associate General Counsel, *for* Edwin Lopez-Soto, General Counsel, Rochester City School District, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Marilynn Patterson Grant, *pro se*, appeals the district court's judgment dismissing her claims brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law, and 42 U.S.C. §§ 1981 and 1983. We assume familiarity with the facts and underlying proceedings, which we reference only as necessary to explain our decision to affirm.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are "required to resolve all ambiguities and draw all factual inferences in favor of the [nonmovant] . . . . The inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the [nonmovant]." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citations omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, an independent review of the record and relevant case law confirms that the district court properly granted summary judgment. We affirm for substantially the same reasons stated by the district court in its order of June 18, 2013.

We have considered Grant's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk